12391

WARD v. CITY OF FLORENCE

(142 S. E., 48)

1. JURY—RESIDENT OR TAXPAYER OF MUNICIPALITY IS NOT AS MATTER OF LAW DISQUALIFIED FROM ACTING AS JUROR IN CASE IN WHICH MUNICIPALITY IS PARTY.—In absence of statute forbidding residents or taxpayers of a municipality from serving as jurors in actions in which the municipality is a party, residents or taxpayers are not as a matter of law disqualified from acting as jurors in such a case solely because of their interest from standpoint of their personal liability as taxpayers.

2. APPEAL AND ERROR—ORDER PROPERLY GRANTING NEW TRIAL ON ONE OF GROUNDS URGED MUST BE AFFIRMED ON APPEAL.—Where trial

Judge properly granted new trial on one of grounds urged, order granting such new trial must be affirmed on appeal.

Before SHIPP, J., Florence, May, 1927.    Affirmed.

Action by John Thomas Ward, by his guardian *ad litem,* against the City of Florence.    From an order granting plaintiff's motion for a new trial after a verdict of the jury for defendant, defendant appeals.

*Messrs. James M. Lynch* and *Philip H. Arrowsmith,* for appellant, cite: *"Jurors"*: Art. 5, Sec. 22, Const. 1895. *Exclusion from jury service:* Secs. 577–579, Code Proc. *Error as a matter of law to grant new trial because residents of defendant city sat on jury, under circumstances of case:* 1 Rich., 364; 7 Stat., 300; 48 S. C., 8–17; 6 A. & E. Ann. Cas., 962; 1913-A, 140; 31 S. C., 257; 76 S. C., 539; 124 S. C., 327. *Cases distinguished:* 1 Bay, 229. *For testimony of a contradictory nature to be admitted in reply it must be directed to one of the primary issues of the case and not to an immaterial or collateral issue:* 76 S. C., 105; 94 S. C., 459. *Examination of witnesses:* 5 Strob., 36; 16 S. C., 556; 35 S. C., 201; 114 S. C., 520; 139 S. C., 139, 143; 110 S. C., 357, 364. *As to cumulative evidence in reply:* 33 S. C., 190–193; 66 S. C., 542–546; 83 S. C., 58–62.

*Messrs. R. E. Whiting* and *D. Gordon Baker,* for respondent, cite: *City residents and taxpayers should have been excluded from the jury:* 1 Bay, 229; 1 Rich., 364, 366; 273 U. S., 510, 524; 2 Cooley on Const. Lim. (8th Ed.), 870; 6 Ann. Cas., 958; Ann. Cas., 1913-A, 117, 120; 28 L. R. A. (N. S.), 156. *Cases distinguished:* 48 S. C., 817; 4 McCord, 487; 1 Rich., 364. *Construction of statutes:* 113 S. C., 99. *Sound discretion exercised by trial Judge here:* 17 S. C., 527–529; 24 S. C., 502; 36 S. C., 609; 104 S. C., 116; 114 S. C., 517; 93 S. C., 71; 1 Thompson on Trials, 346; 26 R. C. L., 1041; 38 Cyc., 1356; 2 Wigmore on Ev., 1165, Sec. 1005; 3 Id., 2477, Sec. 1873. *South Carolina decisions:* 2 McCord, 161; 25 S. C., 141; 114

S. C., 517. *Federal decisions:* 180 U. S., 552; 169 Fed., 104; 201 Fed., 297; 278 Fed., 615, 617; 281 Fed., 411, 417; 296 Fed., 285. *Time allowed for argument:* Sec. 281, Code Proc.; Circuit Court Rule 31; 29 S. C., 201. *New trial properly granted:* 100 S. C., 281, 283; 108 S. C., 486.

March 5, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

In this action for tort in the Court of Common Pleas for Florence County, tried before his Honor, Circuit Judge Shipp, the verdict of the jury was in favor of the defendant. The plaintiff moved for a new trial on several grounds. The Circuit Judge granted this motion on some of the grounds hereinafter referred to. The defendant has appealed from the order granting such new trial, and takes the position that the trial Judge erred *as a matter of law* in granting the new trial on the grounds later mentioned.

The first ground on which the motion was granted was, stated briefly, that the Court erred in permitting citizens and taxpayers of the city of Florence, the defendant in the action, to serve on the jury in the trial of the cause. It was urged that such jurors should have been held disqualified because of interest from the standpoint of their personal liability as taxpayers to contribute toward the payment of any verdict that might be rendered against the defendant, and that they would naturally be influenced to some extent by the consideration that a verdict for damages would quite likely serve to encourage other actions against the defendant.

The jurors, who resided in the city of Florence, were not examined on their *voir dire,* but it is admitted that they were residents of the city, and the only charge as to their disqualification rests upon the general allegation of their residence in the city.

We have no statute which forbids residents of a municipality from serving as jurors in cases in which the municipality of their residence is a party to the action on the sole ground of residence, or because the juror may be a taxpayer of such municipality. In the absence of such statute, we cannot hold that a juror so situated is disqualified. We think it would be a dangerous precedent to lay down such a rule. If we did so, it might necessarily follow that a resident of a county could not sit in a case where the county was sued, for the same pecuniary interest which would apply to the resident of a municipality. Even in criminal cases where the fines imposed on convicted defendants go to the county, or their sentences compel them to do manual labor for the county, the rule asked for would require the exclusion from the jury residents of the county, and in every such criminal case would make it necessary, upon demand of the defendant, for a change of venue to be granted. And, to follow the suggested holding to its ultimate conclusion, it would practically forbid a trial of a criminal case anywhere in the state, because the citizen of the state might have a pecuniary interest in the result of the trial. Certainly, if the suggested principle were held good, we do not see where a civil case, in which the state was a party, could be tried, unless the trial should be had in some state other than our own, which, of course would be impossible.

The respondent relies strongly upon the case of *Executors of Lynch v. Horry*, 1 Bay (1 S. C. L.), 229, the syllabus being:

"Where the inhabitants of a parish are liable to pay for repairing or making a causeway, they are interested in the suit respecting it, and therefore it is a good cause for changing the venue."

If that case does support the position of the respondent here, we think the Court should overrule it, but we think the facts of that case, upon which the ruling mentioned was

made, are altogether distinguishable from the situation in the case at bar, and it is not absolutely necessary to overrule the cited case in order to justify our holding in this instance. In the *Lynch case,* the plaintiffs showed by affidavit that the defendant had made the statement or boast that he did not think a jury could be got in the district who would find a verdict against him. Again, in the *Lynch case,* the main question decided was the right of a party to a change of venue.

There may be instances in which a resident of a municipality might be disqualified from serving on a jury in which such municipality is a party to the cause; for instance, if it appears to the satisfaction of the Court that he had such interest in the municipality that he would be improperly influenced by such interest. It, of course, would be proper for the Court to examine the juror as to that interest, and have a ruling thereabout to be made.

But this is not the issue here. The only question before us is this: As a matter of law, is a resident or taxpayer of a municipality disqualified from acting as a juror in a case in which the municipality is a party? We answer that question in the negative, and consequently hold that the Circuit Judge erred in granting a new trial on that ground.

The second ground upon which the motion for new trial was granted was due to the fact that the Circuit Judge thought he had committed error in not permitting the plaintiff to offer testimony through its witness, Mr. S. R. Flowers, in reply to testimony offered by the defendant through its witness Mr. G. T. Bryce. When the testimony offered by the plaintiff was refused, the trial Judge was of the opinion that it was not in reply. On the motion for a new trial, he came to the conclusion that the testimony of Mr. Flowers would have been in reply. We do not think it proper at this time to go into the details of the testimony, but it is our opinion that the Judge was right in the position he took on the motion for new trial.

There is an appeal on the part of the defendant from the order settling the case for appeal, which is not really necessary now to be passed upon, but we hold that the Circuit Judge was right in this matter.

Since it is our opinion that the trial Judge did not commit error in granting a new trial on the second ground, it follows that the order granting such new trial must be, and is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (concurring in result) : I concur upon the ground that the order for a new trial was based upon a consideration of the entire case, as well as upon the matters of law referred to. I concur in the disposition by Mr. Justice Blease of the first ground of appeal discussed by him.